**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3598
_____

JEAN STERNER,

Appellant

v.

SIEMENS MEDICAL SOLUTIONS USA, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:14-cv-06662)
District Judge: Hon. Legrome D. Davis

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2017
_____

Before: McKEE, AMBRO, and RESTREPO, *Circuit Judges*.

(Opinion filed: August 29, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Jean Sterner appeals the District Court's grant of Appellee Siemens Medical Solutions USA, Inc.'s Motion for Summary Judgment on her age discrimination claim. We will affirm.[1]

## I

The Age Discrimination in Employment Act and Pennsylvania Human Relations Act contain parallel provisions that prohibit age-based intentional discrimination in the employment context[2]—claims under the PHRA are accordingly interpreted coextensively with the ADEA.[3] To prevail under the ADEA, a plaintiff must "establish by a preponderance of the evidence, that age was the 'but-for' cause of the adverse employment action."[4] The plaintiff must present evidence that her age "played a role in [the employer's decision-making] process *and had a determinative influence on the outcome*."[5]

If a plaintiff relies on circumstantial evidence, the familiar three-part burden-shifting framework of *McDonnell Douglas Corp. v. Green*[6] applies.[7] Under that

---

[1] We exercise jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's order granting Siemens summary judgment. *See Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).

[2] *Compare* 29 U.S.C. § 623(a)(1), *with* 43 Pa. Stat. and Cons. Stat. Ann. § 955(a) (West 2017).

[3] *See Willis*, 808 F.3d at 643 (concluding that "the interpretation of the PHRA" is "identical" to that of the ADEA).

[4] *Id.* at 644 (*citing Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)).

[5] *Gross*, 557 U.S. at 176 (citation omitted).

[6] 411 U.S. 792 (1973).

[7] *See Willis*, 808 F.3d at 644.

2

framework, if a plaintiff first establishes a prima facie case of discrimination, the burden of production shifts to the employer to articulate a nondiscriminatory basis for its employment decision.[8] The employer can satisfy its burden "by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision."[9] If the employer satisfies this second step, the burden shifts to the plaintiff to show that the employer's proffered legitimate non-discriminatory reason was pretextual, and discrimination was the real reason for the adverse employment decision.[10] We have instructed as to that third step:

> [T]he plaintiff generally must submit evidence which: 1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or 2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action.[11]

Under *Fuentes*'s first prong, to avoid summary judgment, "the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder *could* rationally find them 'unworthy of credence.'"[12] To avoid summary judgment under the second route for proving pretext, the plaintiff must present "evidence with 'sufficient probative force' so as to allow the factfinder to

---

[8] *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).
[9] *Id.*
[10] *Id.*
[11] *Id.* at 762.
[12] *Id.* at 765 (citation omitted).

3

'conclude by a preponderance of the evidence that age was a motivating or determinative factor.'"[13]

Here, the District Court found that Siemens had articulated legitimate, non-discriminatory reasons for firing Sterner. These included, *inter alia*, poor performance and deficient skills. The District Court therefore determined that Siemens's summary judgment motion "turn[ed] on whether a reasonable factfinder could conclude that [Sterner]'s articulated reasons for firing [her] were in fact pretext for unlawful discrimination and that [she] would not have been discharged but for her age."[14]

The ultimate question before the District Court was whether the record contained sufficient evidence to allow "a reasonable jury [to] return a verdict for [Sterner]."[15] The Court answered that question in the negative. It concluded that Sterner had failed to raise a triable issue of fact as to whether Siemens's reasons for terminating her were pretext for discrimination.

## II

Most of Sterner's arguments on appeal boil down to a reiteration of factual disputes she marshals in support of her conclusions that her supervisor 1) misjudged her performance, 2) should have granted her more freedom to acquire new skills required for her position, and 3) gave instructions to her that were misguided, or that she had good reason to ignore. Sterner also contends that her supervisor treated younger employees

---

[13] *Willis*, 808 F.3d at 645 (citations omitted).
[14] App. 19a.
[15] *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

more favorably and that the District Court ignored the fact that Siemens had a 32 year-old employment record of positive evaluations and awards.

However, even "viewing the facts in the light most favorable to [Sterner] and draw[ing] all reasonable inferences in [her] favor,"[16] the relevant issue is whether her supervisor genuinely harbored the nondiscriminatory concerns cited as grounds for her termination, or whether those stated grounds were a pretext for unlawful age-based animus.[17] Here, Siemens provided evidence that Sterner was disciplined and ultimately discharged due to her poor performance and failure to acquire skills needed for her position. Based on the record before us, we cannot conclude that the reason for her termination was pretext. Siemens cannot survive summary judgment because there is insufficient evidence "from which a factfinder could reasonably either (1) disbelieve [Siemens's] articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [Siemens's] action."[18]

We agree with the District Court that nothing in the supervisor's words or deeds— even if he mistreated her, prevented her from training, or otherwise falsely accused

---

[16] *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 256 (3d Cir. 2013).
[17] *See Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991) (considering the pretext inquiry and finding that plaintiff's "view of [her] performance is not at issue; what matters is the perception of the decision maker"), *overruled in part on other grounds, St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).
[18] *Fuentes*, 32 F.3d at 764.

her[19]—suggested that her age had any bearing on any of his decisions. Sterner fails to provide anything other than her own speculation to support her contention that younger employees were treated more favorably or that the company attorney's stray remark or subsequent hiring of a younger employee was probative of discrimination.[20]

Sterner maintains that the question of an employer's discriminatory motive is ill-suited for summary disposition, and the pretext inquiry, she claims, in fact, examines the employer's motive. She cites *St. Mary's Honor Center v. Hicks*.[21] There, the United States Supreme Court held that "there is always a question of material fact for the fact finder, once the plaintiff establishes *a prima facie* [sic] case and raises genuine issues as to whether the employer's proffered reasons for are [sic] pretextual."[22] However, the issue before the Court was whether a trier of fact's rejection of an employer's asserted reasons for its actions requires a finding for the plaintiff.[23]

Nothing in the District Court's able opinion granting Siemens summary judgment contravenes *Hicks*. Moreover, we "do not infer from the nature of discrimination suits

---

[19] We, like the District Court, could adduce little supporting evidence from the record for most of these allegations.

[20] Sterner averred that a company attorney had said in a September 2012 meeting that based on her allegations of discrimination, "this is grounds for a lawsuit" Appellant's Br. 5, 24 (citing App. 3). The District Court determined not only that Sterner had provided weak evidence that the statement had actually been made, but also that, in any event, "[t]he statement itself was not a reference to age and did not relate to the decision to terminate Plaintiff's employment." App. 27. Moreover, "one stray suggestion [of a potential lawsuit basis] . . . [could not] give rise to an inference of discriminatory animus with respect to the decision to terminate [Sterner's] position." *Id.* We agree.

[21] 509 U.S. 502 (1993).

[22] Appellee's Br. 33.

[23] *Hicks*, 509 U.S. at 504.

that a jury determination is required in every case."[24]   Indeed, after *Hicks*, we reiterated that, to avoid summary judgment in a "pretext" case, a plaintiff must meet a substantial evidentiary burden.[25]

Sterner also argues that the District Court erred in finding that her Declaration was a "sham" based on inconsistencies with Sterner's deposition testimony.  In *Jiminez v. All American Rathskeller, Inc.*,[26] we stated that trial judges could disregard contradictory—or "sham"—affidavits, which are those that "indicate[] . . . that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment.[27]  We further explained that a sham affidavit "cannot raise a genuine issue of fact because it is merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on it to find for the nonmovant."[28]

Here, the District Court disregarded three Declaration passages that contradicted Sterner's prior deposition testimony because she "ha[d] not provided a plausible explanation for her contradictory statements . . . ."[29]  On appeal, Sterner still fails to sufficiently explain the inconsistencies the District Court identified.  Instead, she spends the bulk of the discussion in her Brief to reciting passages from the Declaration.  We conclude that the District Court correctly applied the sham affidavit doctrine, and that it

---

[24] *Billet*, 940 F.2d at 828.
[25] *See Willis*, 808 F.3d at 645; *Fuentes*, 32 F.3d at 764–65.
[26] 503 F.3d 247, 251, 254 (3d Cir. 2007).
[27] *Id.* at 253.
[28] *Id.*
[29] App. 2a–3a n.1.

7

did not inappropriately disregard those portions of Sterner's Declaration that it found contradicted her deposition testimony.[30]

### III.

Because the District Court correctly concluded that the record evidence does not raise a triable issue of fact, we will affirm the judgment.

---

[30] *Jiminez*, 503 F.3d at 251, 254.